UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-67-FDW
(3:07-cr-61-FDW-11)

| | |
|---|---|
| MATRAI DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 4). Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Because Petitioner's motion is untimely and because Petitioner waived the right in his plea agreement to bring his current claim, the Court will dismiss the motion to vacate.

**I.    BACKGROUND**

On April 24, 2007, in a superseding indictment, the grand jury for the Western District of North Carolina charged Petitioner and nineteen co-defendants with conspiracy to possess with intent to distribute at least fifty grams of crack cocaine, at least 500 grams of powder cocaine, marijuana, and ecstasy, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (Criminal Case No. 3:07-cr-61, Doc. No. 140 at 3-4: Superseding Indictment). Petitioner was also charged individually with possession with intent to distribute at least five grams of crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2;

1

possession of a firearm by a convicted felon and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(g)(1) and 2; and possession with intent to distribute marijuana and aiding and abetting the same, in violation of 21 U.S.C. § 841(b)(1)(D) and 18 U.S.C. § 2.  (Id. at 16; 30).

On March 29, 2007, the Government filed a notice of intent to seek an enhanced sentence, pursuant to 21 U.S.C. § 851, based on Petitioner's prior convictions for a series of drug offenses.  (Id., Doc. No. 24 at 3: Information).  Petitioner entered into a plea agreement in which he admitted that he was a drug associate of the Hidden Valley Kings street gang and agreed to plead guilty to the drug conspiracy charge.  (Id., Doc. No. 205: Plea Agreement).  In exchange, the Government agreed to dismiss the remaining counts.  (Id. at 1).  As part of the agreement, Petitioner waived his right to challenge his conviction and sentence in a direct appeal or collateral attack, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct.  (Id. at 5).

Consistent with his plea agreement, on November 8, 1007, Petitioner pled guilty before a federal magistrate judge in a hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  (Id., Doc. No. 234: Entry & Acceptance of Guilty Plea).  Petitioner admitted, under oath, that he was, in fact, guilty of the drug conspiracy offense and affirmed that he understood he was expressly waiving the right to challenge his conviction and sentence in a post-conviction proceeding.  (Id. at 3-4).  At the conclusion of the hearing, the magistrate judge found that Petitioner's plea was knowingly and voluntarily made and accepted it.  (Id. at 5).

In preparation for sentencing, the probation officer prepared a presentence investigation report, calculating an advisory guidelines range of 262 to 327 months in prison, based on a total

offense level of 34 and a criminal history category of VI.[1]  (Id., Doc. No. 324 at 28-29: PSR).  In calculating the guidelines range, the probation officer determined that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1, in part, based on Petitioner's prior convictions for two or more felony crimes of violence or controlled substance offenses.[2]  (Id. at 10).  Specifically, Petitioner had North Carolina state convictions in 1999, 2003, and 2004 for possession with intent to sell or deliver cocaine, in 2000 for accessory after the fact to robbery with a dangerous weapon, and in 2004 for conspiracy to sell cocaine.  (Id. at 10).  The probation officer further determined that because Petitioner was subject to a mandatory minimum statutory sentence of life imprisonment, the guideline term of imprisonment was life imprisonment.  (Id. at 28). Before sentencing, the Government moved to amend the § 851 notice to remove all but one of the prior felony drug offense convictions, resulting in a statutory range of 240 months to life in prison.  (Id., Doc. No. 368: Sealed Motion).  This Court ultimately sentenced Petitioner at the middle of the guidelines range to 310 months in prison, entering judgment on January 5, 2009. (Id., Doc. No. 394: Judgment).

Petitioner did not appeal but, instead, placed the instant motion to vacate in the prison mailing system on February 3, 2014, and the motion to vacate was stamp-filed in this Court on February 10, 2014.  In the motion, Petitioner contends that the predicate offenses used to trigger

---

[1] Even without the career-offender enhancement, Petitioner qualified for a criminal history category of VI, having accumulated a total of 19 criminal history points.  (Id., Doc. No. 324 at 19: PSR).

[2] Under U.S.S.G. § 4B1.1, a defendant is a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

3

his career-offender sentence no longer constitute felony convictions in light of Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and, presumably, its predecessor, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On June 24, 2014, this Court entered an order requiring the Government to respond. In its motion to dismiss filed on August 27, 2014, the Government moved to dismiss Petitioner's motion, contending that his claim is without merit because, even after Simmons, Petitioner still had at least two prior convictions that qualified him for career offender status. In an order dated October 9, 2014, this Court directed the Government to provide a supplemental brief addressing the timeliness of Petitioner's motion, as well as the issue of whether Petitioner's prior conviction for accessory after the fact to armed robbery qualifies as a crime of violence for purposes of the career-offender enhancement.[3] The Government filed its supplemental brief on October 20, 2014. In the supplemental brief, the Government contends that the petition is time-barred and, in any event, Petitioner waived the right in his plea agreement to bring his current claim.

**II.    STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the parties' briefs on Respondent's motion to dismiss, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[3]   The Court requested further briefing from the Government because it appears that if Petitioner's accessory after the fact conviction does not qualify as a crime of violence, then Petitioner did not have two qualifying prior convictions for purposes of the career offender designation.

4

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)(4).

Here, Petitioner's judgment became final when his time for filing a notice of appeal expired ten days after this Court entered judgment on January 5, 2009. FED. R. APP. P. 4 (2009). Petitioner's motion, filed more than five years later, is untimely under the one-year statute of limitations. Furthermore, none of the other subsections under § 2255(f) applies to render the petition timely. In sum, Petitioner's motion to vacate is time-barred.

The Court further finds that Petitioner is not entitled to equitable tolling. To be entitled to equitable tolling, a petitioner must show (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling of the § 2255(f) limitations period is only available in "rare instances where—due to circumstances external to the party's own conduct—it would be

unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). In Whiteside v. United States, the Fourth Circuit is currently considering, en banc, whether equitable tolling excuses an untimely filing by a petitioner challenging his career-offender classification in light of Simmons, where the petitioner filed his motion more than one year after the judgment became final but within one year of Simmons. Whiteside v. United States, 748 F.3d 541, 546-48 (4th Cir. 2014), rehearing en banc granted by 2014 WL 3377981 (4th Cir. July 10, 2014). Here, even after taking Whiteside into consideration, Petitioner is not entitled to equitable tolling. As an initial matter, Petitioner is unable to show that enforcement of the statute of limitations would result in a miscarriage of justice, where, as demonstrated below, his claim is otherwise waived and defaulted. Moreover, unlike the petitioner in Whiteside who, in the view of the panel majority, pursued his rights diligently by filing within a year of Simmons, Petitioner did not file his motion to vacate until two and a half years after Simmons was decided. Because Petitioner is unable to demonstrate that his case justifies exercise of this Court's equitable power to excuse his failure to comply with the requirements of § 2255(f), his motion will be dismissed as untimely.

The Court further notes that, even if Petitioner's claim were not time-barred, Petitioner explicitly waived his right to challenge his sentence in a post-conviction proceeding in his plea agreement.[4] Such waiver is enforceable as long as the defendant waives this right knowingly and

---

[4] Petitioner's career offender classification was based on three convictions for possession with intent to sell or deliver cocaine, a conviction for accessory after the fact to armed robbery, and a conviction for conspiracy to sell cocaine. The Government contends that, even if the petition were not time-barred, Petitioner's conviction for conspiracy to sell cocaine qualifies as a felony conviction even after Simmons. The Government concedes in its supplemental brief that the three convictions for possession with intent to sell or deliver cocaine do not qualify as felony convictions after Simmons, and the Government further concedes that the issue of whether the conviction for accessory after the fact to armed robbery qualifies as a crime of violence appears to be unsettled. Cf. United States v. Innie, 7 F.3d 840, 852 (9th Cir. 1993) (holding that a

6

voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a Section 2255 post-conviction proceeding. Petitioner has not presented either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and, even if not time-barred, his motion would be subject to dismissal.[5]

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition as untimely. To this extent, the Government's motion to dismiss is granted.

---

conviction as an accessory after the fact to a crime of violence is not itself a crime of violence), with United States v. Sullivan, 455 F.3d 248, 253-54 (4th Cir. 2006) (Widener, J., concurring in part and dissenting in part) (explaining that the defendant "had a number of prior criminal convictions, including . . . accessory after the fact to robbery, which are . . . crimes of violence under the definition in USSG § 4B1.2"). The Government correctly notes, however, that Petitioner has procedurally defaulted any such challenge, which does not depend on Simmons, by failing to raise it during his initial sentencing or on appeal. Petitioner did not claim that a conviction as an accessory after the fact does not qualify as a crime of violence at sentencing or on appeal, nor has he shown, or even alleged, cause justifying his failure to pursue such a claim. Because the challenge to the accessory-after-the-fact conviction does not depend on Simmons or Miller, the legal basis for the claim was reasonably available to defendant at the time of his sentencing. Therefore, based on his failure to pursue the claim, even if it were not untimely and waived, Petitioner has procedurally defaulted his challenge to this Court's reliance on his accessory-after-the-fact-to-armed-robbery conviction as a career-offender predicate.

[5] The rationale behind the panel majority's decision to decline to enforce the post-conviction waiver in Whiteside does not apply in this case. Whiteside, 748 F.3d at 545-46. In Whiteside, the panel majority held that the waiver in the petitioner's plea agreement, which reserved the right to appeal any career-offender ruling, was ambiguous and, construing the ambiguity against the Government, declined to enforce the waiver. Id. The ambiguity in Whiteside is not present in this case, however, because the waiver does not contain a similar qualification.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as untimely.

2. The Government's Motion to Dismiss, (Doc. No. 4), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 31, 2014

Frank D. Whitney
Chief United States District Judge